IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00695-BNB

JOHN ROTHAERMEL,

    Applicant,

v.

ARI ZAVARAS, Executive Director, Colorado DOC, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant John Rothaermel is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Rothaermel has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Arapahoe County District Court case number 98CR646.

On April 3, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 11, 2009, Respondents filed their Pre-Answer Response. On June 1, 2009, Mr. Rothaermel filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Rothaermel liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Rothaermel was convicted by a jury of various offenses and he was sentenced to a total term of seventy-nine years in prison. The judgment of conviction was affirmed by the Colorado Court of Appeals. *See People v. Rothaermel*, No. 99CA2278 (Colo. Ct. App. Nov. 8, 2001). On March 11, 2002, the Colorado Supreme Court denied Mr. Rothaermel's petition for writ of certiorari on direct appeal.

Mr. Rothaermel also has filed state court postconviction motions relevant to his conviction and sentence. On July 25, 2002, he filed a motion for sentence reconsideration that was denied by the trial court on July 22, 2003. Mr. Rothaermel did not appeal from the trial court's July 22, 2003, order.

On August 27, 2004, Mr. Rothaermel filed a motion requesting free transcripts that was denied. He filed another motion for free transcripts on March 9, 2005. On April 1, 2005, Mr. Rothaermel filed a motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On February 4, 2008, the trial court denied the Rule 35(c) motion, in part because the Rule 35(c) motion was untimely. On June 17, 2008, Mr. Rothaermel's appeal from the denial of his Rule 35(c) motion also was dismissed as untimely. On October 14, 2008, the Colorado Supreme Court denied Mr. Rothaermel's petition for writ of certiorari in the postconviction Rule 35(c) proceedings. The Court received the instant action for filing on March 19, 2009.

Mr. Rothaermel asserts four claims in the habeas corpus application. Two of Mr. Rothaermel's claims, the second and fourth claims for relief, are directed entirely to the validity of his conviction and sentence. Mr. Rothaermel specifically claims that his aggravated-range sentence violates the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (claim two), and that he was subjected to double jeopardy because the trial court imposed consecutive rather than concurrent sentences and failed to merge certain convictions (claim four). Mr. Rothaermel's third claim for relief is an ineffective assistance of counsel claim that primarily challenges the validity of his conviction and sentence, although he alleges in one sub-claim that counsel was ineffective by failing to include a DOC diagnostic report with his postconviction motion for sentence reconsideration. Mr. Rothaermel's first claim for relief also relates to the postconviction motion for sentence reconsideration. Mr. Rothaermel alleges in support of his first claim that the trial court failed to use a DOC diagnostic report in denying his motion for sentence reconsideration as required under state law and that counsel was ineffective for failing to include the report with the motion for sentence reconsideration.

Mr. Rothaermel's first claim, and the ineffective assistance of counsel sub-claim that relates to the postconviction motion for sentence reconsideration, must be dismissed because there is no federal constitutional right to postconviction review in the state courts. **See Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." **Sellers v. Ward**, 135 F.3d 1333, 1339 (10th Cir.

1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, Mr. Rothaermel's first claim, and the ineffective assistance of counsel sub-claim that relates to his postconviction motion for sentence reconsideration, will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Rothaermel's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Rothaermel had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on March 11, 2002, but he did not do so. Therefore, the Court finds that Mr. Rothaermel's conviction became final on June 10, 2002, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on June 10, 2002, because Mr. Rothaermel does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the

---

[1] The ninetieth day after March 11, 2002, was June 9, 2002. However, June 9, 2002, was a Sunday. Therefore, the filing period extended until the next day, June 10, 2002. *See* Sup. Ct. R. 30.1.

5

factual predicate for his claims challenging the validity of his conviction and sentence before his conviction became final.

The next question the Court must answer is whether either of Mr. Rothaermel's state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede, and the Court agrees, that Mr. Rothaermel's postconviction motion for sentence reconsideration tolled the one-year limitation period pursuant to § 2244(d)(2) from July 25, 2002, when Mr. Rothaermel filed the motion for sentence reconsideration, until September 5, 2003, when the time expired for Mr. Rothaermel to appeal from the trial court's July 22, 2003, order denying that motion. However, the forty-four days between June 10, 2002, when the one-year limitation period began to run, and July 25, 2002, when the postconviction motion for sentence reconsideration was filed, count against the one-year limitation period.

Respondents contend that Mr. Rothaermel's postconviction Rule 35(c) motion did not toll the one-year limitation period because that motion was filed after the one-year limitation period already had expired. The Court agrees. As discussed above, the one-year limitation period was tolled while Mr. Rothaermel's postconviction motion for sentence reconsideration was pending, but began to run again on September 5, 2003. The remaining 321 days then ran uninterrupted until the one-year limitation period expired on July 22, 2004. Because the one-year limitation period expired before Mr. Rothaermel filed his postconviction Rule 35(c) motion on April 1, 2005, that motion could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). In fact, the one-year limitation period expired even before Mr. Rothaermel filed his first motion requesting free transcripts on August 27, 2004.

The Court also finds that Mr. Rothaermel's postconviction Rule 35(c) motion could not have tolled the one-year limitation period because that motion was found to

be untimely under state law. **See Habteselassie**, 209 F.3d at 1210-11 (stating that a "properly filed" postconviction application is one filed in accordance with state filing requirements, including the time for filing). Mr. Rothaermel's appeal from the denial of his postconviction Rule 35(c) motion also was dismissed as untimely. Although Mr. Rothaermel disagrees with the state court rulings that his postconviction Rule 35(c) motion and his appeal from the denial of that motion were untimely, he does not dispute the fact that the motion and the appeal were found to be untimely. Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. **See id**. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978).

Mr. Rothaermel contends that this action should not be dismissed as untimely because any delay in filing this action was caused by the ineffective assistance of the

attorneys who represented him in the state court postconviction proceedings. He specifically contends that postconviction counsel interfered with his ability to seek relief by failing to move to withdraw until September 17, 2003, nearly two months after the trial court denied his postconviction motion for sentence reconsideration, and that counsel failed to file a timely notice of appeal from the trial court's order denying his postconviction Rule 35(c) motion. Mr. Rothaermel also alleges that the trial court interfered with his ability to seek postconviction relief by failing to rule on his second motion for free transcripts that was filed on March 9, 2005.

Mr. Rothaermel's equitable tolling arguments lack merit. The alleged ineffective assistance of postconviction counsel cannot justify equitable tolling because, as noted above, there is no federal constitutional right to postconviction review in the state courts or to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). The trial court's alleged failure to rule on Mr. Rothaermel's second motion requesting free transcripts also cannot justify tolling the one-year limitation period because that motion was filed after the one-year limitation period already had expired. Therefore, the Court finds that Mr. Rothaermel fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Rothaermel failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00695-BNB

John Rothaermel
Prisoner No. 57208
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk